

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50295 | **DATE** | 3/19/2002 |
| **CASE TITLE** | SHARP vs. ILLINOIS DEPARTMENT OF CORRECTIONS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, IDOC and Dixon's joint motion to dismiss is granted. The case is hereby dismissed in its entirety, with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✗ | Notices mailed by judge's staff. | | MAR 20 2002 | 19 |
| | Notified counsel by telephone. | | date docketed | |
| ✗ | Docketing to mail notices. | | docketing deputy initials | |
| ✗ | Mail AO 450 form. | | 3-20-02 | |
| ✗ | Copy to judge/magistrate judge. | | date mailed notice | |
| /SEC | courtroom deputy's initials | 2002 MAR 20 PM 1:40 U.S. DISTRICT COURT | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Sherrie Sharp, filed a six-count amended complaint against defendants, Illinois Department of Corrections (IDOC) and Dixon Correctional Center ("Dixon"), alleging violations of the Family & Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 et seq. Defendants moved to dismiss all six counts pursuant to Federal Rule of Civil Procedure 12(b)(1) claiming that, because Congress did not validly abrogate the State's Eleventh Amendment sovereign immunity when it passed the FMLA, the court lacks subject matter jurisdiction.

The Eleventh Amendment, through its provision of sovereign immunity, denies federal courts jurisdiction over suits brought by an individual against a nonconsenting state. See Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 54 (1996). Defendants, as state agencies, enjoy the same sovereign immunity as the state itself. See Kroll v. Bd. of Trustees of Univ. of Ill., 934 F.2d 904, 907 (7th Cir. 1991), cert. denied, 502 U.S. 941 (1991). Plaintiff does not argue the state itself has waived its Eleventh Amendment immunity and consented to suit in federal court. Instead, she contends Congress validly abrogated the State's sovereign immunity pursuant to Section 5 of the Fourteenth Amendment, when it enacted the FMLA.

Congress may abrogate the States' sovereign immunity if it unequivocally expresses its intent to abrogate immunity and has acted pursuant to a valid exercise of power. See Seminole Tribe, 517 U.S. at 73. The parties agree Congress intended in the FMLA to abrogate the immunity and every Circuit Court of appeals addressing the issue has so held. See e.g., Laro v. New Hampshire, 259 F.3d 1, 5 (1st Cir. 2001); Hale v. Mann, 219 F.3d 61, 67 (2d Cir. 2000); Chittister v. Dep't of Cmty. & Econ. Development, 226 F.3d 223, 228 (3d Cir. 2000); Lizzi v. Alexander, 255 F.3d 128, 134 (4th Cir. 2001); Kazmier v. Widmann, 225 F.3d 519, 523 (5th Cir. 2000); Sims v. Univ. of Cincinnati, 219 F.3d 559, 562 (6th Cir. 2000); Hibbs v. Dep't of Human Resources, 273 F.3d 844, 853 (9th Cir. 2001). The question is whether the purported abrogation was valid. All of the Circuit Courts of Appeals considering the issue, with one exception, have held Congress did not validly abrogate the immunity. See e.g., Laro, 259 F.3d at 11; Hale, 219 F.3d at 69; Chittister, 226 F.3d at 229; Lizzi, 255 F.3d at 138; Kazmier, 225 F.3d at 529; Sims, 219 F.3d at 566; Townsel v. Missouri, 233 F.3d 1094, 1096 (8th Cir. 2000); Garrett v. Univ. of Ala. at Birmingham Bd. of Trustees, 193 F.3d 1214, 1220 (11th Cir. 1999)(reversed on other grounds); but see Hibbs v. Dep't of Human Resources, 273 F.3d 844, 873 (9th Cir. 2001)(finding valid exercise under § 5 of the Fourteenth Amendment). The court agrees with the majority of these courts that the FMLA does not validly abrogate the States' Eleventh Amendment immunity.

Section 1 of the Fourteenth Amendment states that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. Section 5 of the Fourteenth Amendment provides that "[t]he Congress shall have power to enforce, by appropriate legislation, the provisions of this article." Id., § 5. Sharp argues the FMLA is a valid congressional enforcement of the Fourteenth Amendment's guarantee that no State shall deny to any person within its jurisdiction the equal protection of the laws.

"Congress cannot decree the *substance* of the Fourteenth Amendment's restrictions on the States. ... It has been given the power 'to enforce,' not the power to determine *what constitutes* a constitutional violation." Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 81 (2000)(alteration in original). Thus, Congress's exercise of its § 5 enforcement power is authorized when enacting strictly remedial legislation that narrowly targets clearly unconstitutional State conduct. Congress "must identify conduct transgressing the Fourteenth Amendment's substantive provisions and must tailor its legislative scheme to remedying or preventing such conduct." Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank, 527 U.S. 627, 639 (1999)

Congress identified employment discrimination on the basis of sex as the Fourteenth Amendment violation supporting the FMLA. See Lizzi, 255 F.3d at 134. However, it failed to identify any pattern by the states in their sick leave practices which would amount to intentional sex discrimination in violation of the Fourteenth Amendment's Equal Protection Clause. Id. at 135. Instead, the FMLA created a substantive entitlement to sick leave for state employees. Id. By doing so, Congress failed to tailor the FMLA to remedying or preventing unconstitutional behavior and, therefore, did not validly abrogate the States' Eleventh Amendment immunity. Id.

For the reasons stated above, IDOC and Dixon's joint motion to dismiss is granted. The case is hereby dismissed in its entirety, with prejudice.